# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Lavelle Hamilton,
    Petitioner,

vs.

Case No. 1:08cv359
(Spiegel, S.J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed October 31, 2008 (Doc. 9), which petitioner has not opposed.

### Procedural Background

In this action, petitioner challenges his April 13, 2001 conviction and sentence in the Butler County, Ohio, Court of Common Pleas on the following charges: one count of murder in violation of Ohio Rev. Code § 2903.02(A), with firearm specification; and two counts of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A), with firearm specification. (*See* Doc. 1, p. 2; Doc. 9, Exs. 1-4).[1] Petitioner was sentenced to consecutive terms of

---

[1] It appears from the record that petitioner pleaded guilty to the weapons charges and was found guilty after a trial before a jury on the murder charge. (Doc. 9, Exs. 2-3).

imprisonment of 15 years to life for the murder offense, three years for the firearm specification attached to the murder count, and 11 months for having weapons while under disability. (Doc. 9, Ex. 4).[2]

Petitioner's trial counsel filed a timely notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District, on petitioner's behalf. (*Id.*, Ex. 5). New counsel was apparently appointed to represent petitioner on appeal, and he filed a brief raising the following assignments of error: (1) "[t]he trial court erred to the prejudice of defendant-appellant when it refused to properly instruct the jury regarding self-defense;" and (2) "[t]he trial court erred to the prejudice of defendant-appellant when it sentenced him to consecutive sentences." (*Id.*, Ex. 6).

On July 29, 2002, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 8). Apparently, petitioner did not appeal this decision to the Supreme Court of Ohio. (*See id.*, Brief, p. 3).

Approximately four and one-half years later, on February 23, 2007, petitioner filed a *pro se* motion for new trial with the Butler County Common Pleas Court. (*Id.*, Ex. 9). Petitioner essentially claimed that his counsel was ineffective in failing to file a motion for acquittal or to otherwise raise the argument that "the evidence was insufficient to sustain [petitioner's] conviction for murder." (*Id.*).

On March 8, 2007, the Common Pleas Court overruled petitioner's motion for new trial. (*Id.*, Ex. 11). Petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, which affirmed the trial court's judgment on December 10, 2007. (*Id.*, Ex. 15).

Petitioner appealed further to the Supreme Court of Ohio. (*Id.*, Exs. 16-17). On April 9, 2008, the state supreme court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 18).

---

[2] The two weapons offense charges were merged for sentencing purposes because they were considered "allied offenses of similar import as defined in R.C. 2941.25(A)." (Doc. 9, Ex. 4).

2

Petitioner commenced the instant federal habeas corpus action in May 2008. The petition, which was stamped as "filed" on May 27, 2008, contains petitioner's signed declaration that the petition was placed in the prison mailing system on May 19, 2008. (Doc. 1, p. 15). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Absent evidence to the contrary, it therefore appears the petition was delivered to prison authorities for mailing and thus "filed" for statute of limitations purposes on May 19, 2008.

In the petition, petitioner alleges three grounds for relief:

**Ground One:** 14th Amendment due process violation where conviction based upon insufficient evidence.

**Ground Two:** Ineffective assistance of trial counsel in "both causing default of untimely filing of motion for new trial and ... fail[ing] to recognize, argue and brief sufficiency of evidence claim."

**Ground Three:** Denial of due process of law and manifest injustice because of actual innocence of sentence "where evidence as a whole established guilt of voluntary manslaughter conviction alone rather than Murder."

(Doc. 1, pp. 6-7, 9).

In response, respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 9).

## OPINION

### The Petition Should Be Dismissed As Time-Barred

3

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner seeks relief based on alleged errors that occurred during his state criminal trial. Petitioner was well aware of the facts underlying his grounds for relief, including counsel's alleged ineffectiveness in failing to file a timely motion for new trial,[3] before the conclusion of the direct review

---

[3] As respondent has noted (*see* Doc. 9, Brief, p. 6 n.1), Ohio R. Crim. P. 33(B) provides that a motion for new trial must be filed "within fourteen days after the verdict was rendered," with an exception accorded to "[m]otions for new trial on account of newly discovered evidence." In this case, the Ohio Court of Appeals explicitly found that petitioner's new trial motion was untimely under Ohio R. Crim. P. 33(B) because petitioner neither claimed that his motion "was based upon newly discovered evidence" nor "adequately establish[ed] how he was unavoidably prevented from timely filing a motion for new trial himself." (*Id.*, Ex. 15, p. 2). The state appellate court also concluded that to the extent the motion was properly construed by the trial court as a petition for post-conviction relief, the trial court did not err in finding the petition was untimely under Ohio Rev. Code § 2953.21(A), which provides that the petition must be filed "no later than 180 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal of the judgment of conviction." (*Id.* & Ex. 11, p. 4). It appears from the record that the trial transcript in this case was filed with the Court of Appeals at the latest by October 1, 2001. (*Id.*, Ex. 11, p. 2).

This Court must defer to the state appellate court's state-law determination that petitioner was required to file his new trial motion within fourteen days of the jury's verdict, or within 180 days of the filing of the trial transcript to the extent the motion was properly construed as a state post-conviction petition. *See, e.g., Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) (citing *Mullaney v. Wilbur,* 421 U.S. 684, 691(1975)); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations of state-law questions"). Given these time constraints, petitioner in the exercise of diligence should have known the facts underlying this ineffective assistance of counsel claim by the time the direct review proceedings concluded in September 2002.

4

proceedings. Therefore, as respondent has argued (*see* Doc. 9, Brief, p. 6), the petition is governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review.

Petitioner's conviction and sentence became "final" within the meaning of § 2244(d)(1)(A) when, on September 12, 2002, the 45 day period expired for filing a timely motion for leave to appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' July 29, 2002 direct appeal decision. *See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. Therefore, the statute of limitations commenced running on September 13, 2002, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on September 13, 2003 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[4] The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

---

[4] *See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

Here, the statute of limitations expired in September 2003, well over three years before petitioner filed his *pro se* motion for new trial in February 2007 in the Butler County Court of Common Pleas. Therefore, petitioner did not file any applications for state post-conviction relief or other collateral review that could have even arguably served to statutorily toll the limitations period under § 2244(d)(2).

To the extent that petitioner seeks review of his otherwise time-barred petition under equitable tolling principles, the Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations," *Pace v. DiGuglielmo,* 544 U.S. 408, 418 n.8 (2005). However, the Sixth Circuit has held that the statute of limitations is not jurisdictional and that "equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *see also McClendon v. Sherman,* 329 F.3d 490, 492 (6th Cir. 2003).

In *Pace,* the Supreme Court indicated that to the extent equitable tolling is applicable, the petitioner bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Moreover, the Sixth Circuit has held that the following factors are to be considered in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v.*

*Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has suggested in the petition that his trial counsel's ineffectiveness in failing to file a timely new trial motion on his behalf overcomes procedural bars to review of the claims raised in the petition. (*See* Doc. 1, p. 7). However, petitioner has not provided any evidence, as suggested in *Pace,* that he has been pursuing his rights diligently and that "some extraordinary circumstance stood in his way" of filing a timely federal habeas petition within a year of the conclusion of the direct review proceedings.

Moreover, petitioner has not made any showing that he is entitled to equitable tolling under *Dunlap*. First, he has not alleged or provided any evidence that he lacked actual or constructive knowledge of the one-year filing deadline for federal habeas petitions and was reasonable in remaining ignorant of that filing requirement. Moreover, it is clear from the record that he has not been diligent in pursuing in his rights. Petitioner did not appeal the Ohio Court of Appeal's July 29, 2002 direct appeal decision to the Supreme Court of Ohio; nor did he take any action to challenge his conviction until nearly four and one-half years later, when he filed his untimely *pro se* motion for new trial with the Butler County Common Pleas Court.

Finally, petitioner has not demonstrated that he is entitled to equitable tolling based on a colorable showing of actual innocence, which he has alleged as a ground for relief in the petition. (*See* Doc. 1, p. 9).

In *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), the Sixth Circuit, following *Schlup v. Delo*, 513 U.S. 298 (1998), held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." The *Souter* court stated that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter,* 395 F.3d at 602.

To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324. Petitioner has made no such showing in this case. Although petitioner alleges that the evidence presented at trial was insufficient to establish he was guilty of murder, establishing a colorable claim of actual innocence requires a showing of factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).

Accordingly, in sum, the undersigned concludes that the claims alleged as grounds for relief in the instant federal habeas petition are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), and that the statute commenced running in September 2002 and expired one year later in September 2003. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to justify excusing the statute of limitations bar in this case. The instant petition, filed in May 2008, was submitted well over four and one-half years too late.

It is, therefore, **RECOMMENDED** that respondent's motion to dismiss (Doc. 9) be **GRANTED**, and petitioner's petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED**, and that petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice as time-barred.

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[5]

---

[5] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the petition. *See Slack,* 529 U.S. at 484.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/14/09

cbc

Timothy S. Black
Timothy S. Black
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lavelle Hamilton,
    Petitioner,

                                          Case No. 1:08cv359
    v.                                   (Spiegel, S.J.; Black, M.J.)

Warden, Lebanon Correctional Institution,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within 10 days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within 10 days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).