UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAVELLE HAMILTON, | : | NO. 1:08-CV-00359 |
| Petitioner, | : | |
| v. | : | **OPINION AND ORDER** |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 10) and Petitioner's Objection (doc. 14). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's pro se Petition for Writ of Habeas Corpus.

**I. Background**

Petitioner filed his pro se Petition for a Writ of Habeas Corpus on May 27, 2008, challenging his April 13, 2001 conviction and sentence in the Butler County, Ohio Court of Common Pleas for murder, and for having weapons while under disability, with firearm specifications (doc. 10). Petitioner had pled guilty to the weapons charges, but went to trial before a jury on the murder charge (Id.). The court sentenced Petitioner to 15 years to life for the murder charge, three years for the firearm specification attached to the murder count, and 11 months for having weapons under disability (Id.).

Petitioner brings the instant habeas petition raising three grounds for relief (Id.). He argues 1) that his conviction was based on insufficient evidence and thus amounts to a violation of due process, 2) that his counsel was ineffective in "causing default of untimely filing of motion for new trial, and. . . fail[ing] to recognize, argue, and brief sufficiency of evidence claim," and 3) that he suffered denial of due process and manifest injustice because he is actually innocent of murder, as the evidence in the case established guilt of voluntary manslaughter (Id.). Respondent filed a motion to dismiss the Petition, arguing that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (doc. 9). The Magistrate Judge issued his Report and Recommendation as to Respondent's motion on April 14, 2009, recommending the Court find the Petition time-barred and grant the motion to dismiss (doc. 10). Petitioner filed his Objections to the Report and Recommendation, (doc. 14), such that this matter is ripe for the Court's review.

**II. The Magistrate Judge's Report and Recommendation and Petitioner's Response in Opposition (docs. 10, 14)**

The Magistrate Judge found that the claims alleged by Petitioner are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), and that the statute commenced running in September 2002, and expired one year later in September

2003 (doc. 10). The Magistrate Judge found that neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to justify excusing the statute of limitations bar in this case (Id.). Citing Pace v. DuGuglielmo, 544 U.S. 408, 418 (2005), the Magistrate Judge noted that in order to qualify for equitable tolling, Petitioner has the burden of establishing 1) he has been pursuing his rights diligently, and 2) "some extraordinary circumstance stood in his way" (Id.). The Magistrate Judge found that Petitioner, beyond claiming his counsel was ineffective, makes no showing that he lacked actual or constructive knowledge of the one-year filing deadline, that he was reasonable in remaining ignorant of such deadline, and that he was diligent in pursuing his rights (Id.). As for Petitioner's claim of actual innocence, the Magistrate Judge noted that Petitioner similarly is not entitled to equitable tolling, as Petitioner failed to proffer any new reliable evidence in support of such claim, and in any event, a colorable claim of actual innocence requires a showing of factual innocence, not mere legal insufficiency (Id. citing Bousley v. United States, 523 U.S. 614, 623 (1998)). Consequently, the Magistrate Judge concluded the instant Petition was submitted over four and a half years too late (Id.). As such, the Magistrate Judge recommended that Respondent's motion to dismiss be granted and that Petitioner's Petition be dismissed with prejudice, as time-barred (Id.).

Petitioner responds that the Court should apply equitable tolling to his Petition, because he contends his appellate counsel abandoned him and failed to give him notice of the one-year statute of limitations (doc. 14). Petitioner further contends that his case has resulted in a miscarriage of justice, as the weapons charges brought against him, to which he pled guilty, were defectively charged in the indictment, for having failed to allege mens rea (Id.).

## III. Discussion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. The Court agrees that Petitioner has not shown he is entitled to tolling of the statute of limitations, as he proffers no evidence that he pursued his rights diligently, or that some extraordinary circumstance stood in the way of his filing on time. Pace, 544 U.S. 408, 418 (2005). This is not a case where counsel advised Petitioner that he had no federal remedies or engaged in conduct that would have prevented a timely filing. Neff v. Brunsman, No 1:06-CV-00135, 2007 U.S. Dist. LEXIS 20932 *6-7 (S.D. Ohio, March 23, 2007). Nor does the Court find well-taken Petitioner's claim that he is entitled to equitable tolling based on actual innocence. The Magistrate Judge correctly found that establishing a colorable claim of actual innocence requires a showing of factual innocence, not mere legal insufficiency.

4

Bousley, 523 U.S. 614, 623 (1998). Petitioner's claim that the evidence established guilt for voluntary manslaughter rather than murder is one of legal insufficiency rather than factual innocence.

Finally, Petitioner raises the question in his Reply concerning the allegedly defective indictment on the weapons charges. Petitioner waived such argument by not raising it earlier, but in any event, there is no evidence that the allegedly defective indictment resulted in multiple errors at trial. State v. Colon II, 885 N.E. 2d 917 (2008). Under the applicable plain-error analysis, the Court finds such alleged error inconsequential. State v. Canyon, 2009 Ohio 1263, P10 (Ohio Ct. App., Hamilton County Mar. 20, 2009). Equally important, Petitioner's guilty plea to the weapons charges was a complete admission of defendant's guilt. Crim. R. 11(B)(1). In entering a guilty plea, a defendant is not stating that he did discrete acts described in the indictment; he is admitting guilt of a substantive crime. State v. Morgan, 2009 Ohio 1370 (Ohio Ct. App., Hamilton County Mar. 27, 2009). Thus, the Court concludes that the alleged defect in the indictment was not outcome-determinative and it rejects Petitioner's argument.

**IV. Conclusion**

Petitioner's claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). The statute commenced running in September 2002 and expired one year later in

5

September 2003.  Neither the statutory tolling provision in 28 U.S.C. § 2244(d)(2) nor equitable tolling provisions apply to excuse the statute of limitations bar in this case.  Petitioner's Petition, filed in May 2008, was submitted more than four and a half years too late.

Accordingly, the Court AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation (doc. 10), GRANTS Respondent's motion to dismiss (doc. 9), and DISMISSES Petitioner's Petition for a Writ of Habeas Corpus (doc. 1) as time-barred.  The Court DECLINES to issue a certificate of appealability with respect to this Order because under the first prong of the two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.  Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a). Kincaid v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.


Dated: September 2, 2009      /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge